**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1873**

———————

In Re: DEMETRIUS JAROD SMALLS,

Petitioner.

———————

On Petition for Writ of Mandamus.
(2:13-cv-02651-RMG)

———————

Submitted: August 7, 2015          Decided: August 7, 2015

———————

Before GREGORY, DIAZ, and HARRIS, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Demetrius Jarod Smalls, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed by Demetrius Smalls under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA affords to victims of crime the rights to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." Id. If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." Id.

Petitioner maintains that he is entitled to relief under the Crime Victims Rights Act (CVRA) because the district court denied his petition under 28 U.S.C. §2254 for a writ habeas corpus without conducting a hearing on the merits of his claims. He further alleges that the district court committed fraud "and other criminal offenses" including "conspiracy to kidnap, kidnapping, [and] conspiracy to deprive person of civil right

under color of federal law", and that state officials are also guilty of fraud and perjury. Smalls did not file a petition for writ of mandamus raising the CVRA in the district court.

Petitioner is not a crime victim under the CVRA, and the denial of his habeas corpus petition does not make him a crime victim. His mandamus petition attacks the district court's decision to deny his habeas corpus petition, which decision was upheld by this court on appeal (Case No. 14-7620). While the CVRA does cover federal habeas corpus proceedings arising out of a state conviction (18 U.S.C. §3771(b)(2)), the definition of crime victim under this subsection "means the person against whom the State offense is committed or, if that person is killed or incapacitated, that person's family member or other lawful representative". 18 U.S.C. §3771(b)(2)(D). Smalls clearly does not fit within this definition. Furthermore, Smalls did not file a petition in the district court under the CVRA as required by 18 U.S.C. §3771(d)(3).

Accordingly, the court dismisses the petition for writ of mandamus.

PETITION DISMISSED